NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 20 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LISA GUSTAFSON FEIS; JULIEN FEIS, | No. 24-3686 |
| Plaintiffs - Appellants, | D.C. No. 2:23-cv-00462-MLP |
| v. | MEMORANDUM[*] |
| KEITH MAYO, Doctor; SWEDISH FIRST HILL; CHRISTOPHER BOONE, Doctor; PROLIANCE ORTHOPEDICS & SPORTS MEDICINE; SWEDISH HEALTH SERVICES, a Washington nonprofit corporation wholly owned by Providence St. Joseph Health a Washington nonprofit corporation; PROLIANCE SURGEONS, INC., doing business as Proliance Orthopaedics & Sports Medicine, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Michelle L. Peterson, Magistrate Judge, Presiding[**]

Submitted February 18, 2026[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: CALLAHAN, FRIEDLAND, and BRESS, Circuit Judges.

Lisa Gustafson Feis and Julien Feis appeal pro se from the district court's summary judgment in their diversity action alleging violations of Washington's medical malpractice law. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Colwell v. Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014). We affirm.

The district court properly granted summary judgment for Dr. Boone, Proliance Surgeons, Inc., and Proliance Orthopedics & Sports Medicine because the Feises failed to raise a genuine dispute of material fact as to whether defendants violated the standard of care or failed to obtain informed consent. *See Frausto v. Yakima HMA, LLC*, 393 P.3d 776, 779 (Wash. 2017) (setting forth elements of medical malpractice claim); *Backlund v. Univ. of Wash.*, 975 P.2d 950, 957 (Wash. 1999) (setting forth elements of informed consent claim); *see also* Wash. Rev. Code §§ 7.70.040 (elements of claim premised on a violation of the standard of care), 7.70.050 (elements of claim premised on failure to obtain informed consent).

The district court properly granted summary judgment for Dr. Mayo, Swedish Health Services, and Swedish First Hill because the Feises failed to raise a genuine dispute of material fact as to whether defendants' conduct was a

proximate cause of their injuries or whether defendants failed to obtain informed consent.  *See Frausto*, 393 P.3d at 779; *Backlund*, 975 P.2d at 957.

The district court properly rejected the Feises' contention that the doctrine of res ipsa loquitur applies to their medical malpractice claims.  *See Reyes v. Yakima Health Dist.*, 419 P.3d 819, 824-25 (Wash. 2018) (explaining the limited circumstances where res ipsa loquitur applies, including when acts are so palpably negligent or are within a layperson's general experience such that negligence can be inferred without expert testimony).

We do not consider matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**